

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 17, 1969

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas 78711

Opinion No. M-475

Re: Questions concerning
the applicability of
the Tort Claims Act
(Acts 61st Leg., R.S.
1969, Ch. 292, p. 874),
to school districts.

Dear Dr. Edgar:

You have requested the opinion of this office regarding certain questions involving the Tort Claims Act, codified as Article 6252-19, Vernon's Civil Statutes. These questions are paraphrased for convenience as follows:

1. In Section 19A, applicable to school districts, does the term "motor vehicles" include "motor driven equipment" other than school busses?

2. (a) Where under Section 9 a school district purchases liability insurance to cover paid employees for torts committed in the scope of their district employment, is the employee thereby protected from the imposition of further judgment for damages?

   (b) Where under Section 9 a school district does not purchase liability insurance to cover its school bus drivers and requires as a condition of employment that the bus driver shall purchase liability insurance, may the district pay the premium thereon from its local maintenance funds?

- 2367 -

(c) In situations referred to in (a) and (b) above, is the bus driver's bond prescribed in Article 2687a also required?

3.  (a) May the premium for liability insurance legally be paid out of the transportation fund, if any, of the school district? Stated another way, does the Tort Claims Act contemplate that such premiums shall be paid out of local district maintenance funds as distinguished from the District Transportation Fund or County Transportation Fund (Article 2922-15, Sec. 2) as the case may be, whose limited allocation source is from State appropriations?

(b) Where under Section 2(1) of Article 2922-15, the county school board (not the school district) maintains and operates a county unit school bus system, is such county operating authority authorized to purchase such liability insurance? If yes, who pays the premiums and from what funds?

In connection with your first question, the following is quoted from the Tort Claims Act:

"Sec. 3.  Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, ..."

"Sec. 19A. The provisions of this Act shall not apply to school districts except as to motor vehicles." (Emphasis supplied.)

You have indicated concern over the proper interpretation of the limitation of liability granted to school districts by Section 19A, supra. You indicate that some school districts

are of the opinion that liability extends only to school bus
operations, while others are of the opinion liability extends
to the operation of loaned or owned driver education cars,
riding lawnmowers, tractors used in vocational agriculture
courses, and other motor driven equipment.

Section 19A clearly limits the liability of school districts
to acts of negligence involving motor vehicles. For the purpose
of regulating vehicles in this State the Legislature has made the
following definitions in Article 6675a-1, Vernon's Civil Statutes:

> "(a) 'Vehicle' means every device in, or by which
> any person or property is or may be transported or
> drawn upon a public highway, except devices moved only
> by human power or used exclusively upon stationary
> rails or tracks.

> "(b) 'Motor vehicle' means every vehicle, as herein
> defined, that is self-propelled."

In answer to your specific question, you are advised that
the term "motor vehicles" extends beyond school busses, and
includes at least all vehicles that may fall within the definition
given in Article 6675a-1, supra, but does not include "motor
driven equipment" unless such equipment constitutes a "vehicle".

Your question Number 2(a) is restated for clarity:

> "Where under Section 9 a school district purchases
> liability insurance to cover paid employees for torts
> committed in the scope of their district employment, is
> the employee thereby protected from the imposition of
> further judgment for damages?"

In answer thereto, you are advised that it is the view of
this office that the presence of liability insurance has no
bearing upon the matter of the imposition of damages against a
governmental employee. The only limitation on employees'
liability provided by the Tort Claims Act is set forth in Section
12(a), to-wit:

"The judgment or settlement in an action or claim under this Act shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of a unit of government whose act or omission gave rise to the claim."

Your question Number 2(b) is restated:

"Where under Section 9 a school district does not purchase liability insurance to cover its school bus drivers and requires as a condition of employment that the bus driver shall purchase liability insurance, may the district pay the premium thereon from its local maintenance funds?"

In the event a school district determines that liability insurance should be purchased, we would point out that such insurance should provide coverage in the manner set forth in Section 9 of the Tort Claims Act, i.e., "...for such units of government, their officers, agents and employees against claims brought under the provisions of this Act, ..." We would also observe that a general liability policy, such as would be written for an individual, provides coverage for a broader liability than is imposed in the Tort Claims Act. We find no authority in law to permit a school district to pay for an individual employee's liability insurance premium under the circumstances related. In the absence of such authority, you are advised that the district may not pay the insurance premiums from its local maintenance funds when it does not purchase liability insurance to cover its school bus drivers.

Your question Number 2(c) is restated:

"In situations referred to in (a) and (b) above, is the bus driver's bond prescribed in Article 2687a also required?"

Article 2687a, Vernon's Civil Statutes, is quoted in part as follows:

"...The drivers of all school transportation vehicles shall be required to give bond for such amount as the Board of Trustees of the district may prescribe, not less than $2,000.00, payable to the district, <u>and conditioned upon the faithful and careful discharge of their duties for the protection of the pupils under their charge and faithful performance of the contract with School Board</u>; ..." (Emphasis supplied.)

Section 20 of the Tort Claims Act reads as follows:

"All laws or parts of law, and all enactments, rules and regulations or any and all units of government, and all organic laws of such units of government, in conflict herewith are hereby repealed, annulled and voided, to the extent of such conflict."

In view of the fact that the terms of the bond required by Article 2687a, supra, cover situations beyond the scope of the Tort Claims Act, you are advised that it is the opinion of this office that the said Article 2687a is not in conflict with the Tort Claims Act and is not repealed thereby. The requirement of a bond of not less than $2,000.00 for school bus drivers remains in full force and effect.

Your question Number 3(a) is restated:

"May the premium for liability insurance legally be paid out of the transportation fund, if any, of the school district? Stated another way, does the Tort Claims Act contemplate that such premiums shall be paid out of local district maintenance funds as distinguished from the District Transportation Fund or County Transportation Fund (Article 2922-15, Sec. 2) as the case may be, whose limited allocation source is from State appropriations?"

Your question Number 3(b) is restated:

"Where under Section 2(1) of Article 2922-15, the
county school board (not the school district) maintains
and operates a county unit school bus system, is such
county operating authority authorized to purchase such
liability insurance? If yes, who pays the premium and
from what funds?"

In making a reply to these questions, we must first note
that there is no requirement that liability insurance be pur-
chased under the Tort Claims Act. That statute simply authorizes
the purchase of such insurance at the discretion of the govern-
mental unit. The statute is silent as to any method of financing
insurance premiums. Since such expenditures are authorized, but
not required, we are of the view that they should be considered
as general operating expenses of the governmental unit, and
payable out of any fund available for those purposes. With re-
gard to the District or County Transportation Fund, governed by
Article 2922-15, Vernon's Civil Statutes, we note that Section 2(b)
thereof makes a base allowable for the costs of maintenance, opera-
tion, salaries, depreciation, etc., for the conduct of a school
bus system. Since the cost of liability insurance would be part
of the cost of the operation of such a system, it follows that
the District or County Transportation Fund could properly be
used for the proportionate share of the total premium that
represents school bus operation.

## S U M M A R Y

Section 19A of the Tort Claims Act (Article
6252-19, V.C.S.) limits school district tort
liability to acts of negligence involving motor
vehicles. A "motor vehicle" at least includes
any vehicle coming within the definition set
forth in Article 6675a-1, V.C.S.

The presence of liability insurance has no
bearing upon the matter of the imposition of damages
against a governmental employee. In the event of

a damage suit against a governmental agency, the judgment or settlement in such suit constitutes a complete bar to any recovery against the individual employee involved in the incident. Section 12(a), Tort Claims Act.

If a school district purchases liability insurance, the policy should be written in the terms of the statute.

The Tort Claims Act does not operate to repeal Article 2687a, V.C.S., and the bond required of a school bus driver by the said Article 2687a is still required.

If it is determined that liability insurance should be purchased, the premiums therefor may properly be paid out of the District or County Transportation Fund (Article 2922-15, V.C.S.), as an operating expense of school bus service.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
Opinion Committee

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Jack Sparks
Alfred Walker
Harold Kennedy
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

Dr. J. W. Edgar, page 8 (M-475)


HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant